PROB 22 (Rev. 2/88)

# TRANSFER OF JURISDICTION

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED
2010 FEB -5 P 3: 17
BY DEPUTY CLERK

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2010 FEB 10 A 7:51

| | | | |
|---|---|---|---|
| DOCKET NUMBER (Tran. Court) | 1:09-CR-78-JAW-1 | | |
| DOCKET NUMBER (Rec. Court) | | | |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Jeffrey Dubois | DISTRICT: MAINE | DIVISION | |
| | NAME OF SENTENCING JUDGE: John A. Woodcock, Chief U.S. District Judge | | |
| | DATES OF PROBATION/ SUPERVISED RELEASE: | FROM 11/22/09 | TO 11/21/12 |

OFFENSE

Conspiracy to Possess with Intent to Distribute Marijuana

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of New Hampshire upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

January 19, 2010
*Date*

[signature]
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

January 28, 2010
*Effective Date*

[signature]
*United States District Judge*

SCANNED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

U S. DISTRICT COURT
BANGOR. MAINE
RECEIVED AND FILED
2009 JUN 25 P 5: 03
BY ______
DEPUTY CLERK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No.** 09-78-B-W |
| **v.** | ) | |
| | ) | **(21 U.S.C. § 846)** |
| **JEFFREY DUBOIS,** | ) | |
| **a/k/a "Jeff the Plumber"** | ) | |

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**

Beginning on a date unknown, but not later than January 1, 2003 and continuing until a date unknown, but no earlier than April 1, 2006, in the District of Maine and elsewhere, defendant

**JEFFREY DUBOIS**
**a/k/a "Jeff the Plumber"**

knowingly and intentionally conspired with persons known and unknown to commit offenses against the United States, namely, distribution and possession with intent to distribute a mixture or substance containing marijuana, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841 (b)(1)(C) apply to the conduct described herein.

Date: 9/7/06

Joel B. Casey
Joel B. Casey
Assistant United States Attorney

A TRUE COPY
ATTEST: Linda L. Jacobson, Clerk
By: Elizabeth Richardson
Deputy Clerk

SCANNED

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED

District of Maine

2009 JUN 29 A 8:10

UNITED STATES OF AMERICA
v.
JEFFREY DUBOIS

**JUDGMENT IN A CRIMINAL CASE**

BY ________
DEPUTY CLERK

Case Number: 1:09-CR-78-JAW-001

USM Number: 11360-036

Mary Davis, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 of an Information.

☐ pleaded nolo contendere to count(s) ________ which was accepted by the court.

☐ was found guilty on count(s) ________ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) | Conspiracy to Possess With Intent to Distribute Marijuana | 4/1/2006 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______.
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

June 25, 2009
Date of Imposition of Judgment

[signature]
Signature of Judge

John A. Woodcock, Jr., Chief U.S. District Judge
Name and Title of Judge

June 29, 2009
Date Signed

A TRUE COPY
ATTEST Linda L Jacobson Clerk
By [signature] Deputy Clerk

AO 245B (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment



DEFENDANT: JEFFREY DUBOIS
CASE NUMBER: 1:09-CR-78-JAW-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 3 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at __________ ☐ a.m. ☐ p.m. on __________ .
- ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☒ before 2 p.m. on July 24, 2009 .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on __________ to __________

a __________ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By __________

DEPUTY UNITED STATES MARSHAL

DEFENDANT: JEFFREY DUBOIS
CASE NUMBER: 1:09-CR-78-JAW-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 3 years.
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two additional drug tests during the term of supervision, but not more than 120 days per year thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JEFFREY DUBOIS
CASE NUMBER: 1:09-CR-78-JAW-001

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall not use or possess any controlled substance, alcohol or other intoxicant; and shall participate in a program of drug and alcohol abuse therapy to the supervising officer's satisfaction. This shall include testing to determine if Defendant has used drugs or intoxicants. Defendant shall submit to one test within 15 days of release from prison and at least two, but not more than 120, tests per calendar year thereafter, as directed by the supervising officer. Defendant shall pay/co-pay for services during such treatment to the supervising officer's satisfaction. Defendant shall not obstruct or tamper, or try to obstruct or tamper, in any way, with any tests.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties



DEFENDANT: JEFFREY DUBOIS
CASE NUMBER: 1:09-CR-78-JAW-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 500.00 | $ 0.00 |

☐ The determination of restitution is deferred until ________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ ________ | $ ________ | |

☐Restitution amount ordered pursuant to plea agreement $

☐The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒The court determined that the defendant does not have the ability to pay interest and it is ordered that:
☒the interest requirement is waived for the ☒ fine ☐ restitution.
☐the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JEFFREY DUBOIS
CASE NUMBER: 1:09-CR-78-JAW-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 600.00 due immediately, balance due

☒ Any amount that the defendant is unable to pay now is due and payable during the term of incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments, to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release, subject always to review by the sentencing judge on request, by either the defendant or the government.

☐ not later than __________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ______ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ______ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ______ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is d during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financi Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CLOSED, SEALEDDOC

**U.S. District Court**
**District of Maine (Bangor)**
**CRIMINAL DOCKET FOR CASE #: 1:09-cr-00078-JAW All Defendants**

Case title: USA v. DUBOIS

Date Filed: 06/25/2009
Date Terminated: 06/29/2009

Assigned to: JUDGE JOHN A. WOODCOCK, JR

**Defendant (1)**

**JEFFREY DUBOIS**
*TERMINATED: 06/29/2009*

represented by **MARY A. DAVIS**
TISDALE & DAVIS
P.O. BOX 572
PORTLAND, ME 04112
879-9177
Email: td@maine.rr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA; 21:846 AND 841(a)(1) (1)

**Disposition**

Defendant sentenced to 3 months imprisonment; 3 years supervised release; $500.00 fine; $100.00 special assessment. Defendant to self report by 2:00 pm on 7/24/2009.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

A TRUE COPY
ATTEST Linda L Jacobson, Clerk
By Elizabeth Richardson
Deputy Clerk

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

**USA** represented by **JOEL B. CASEY**
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF MAINE
202 HARLOW STREET, ROOM 111
BANGOR, ME 04401
945-0344
Email: joel.casey@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2009 | 1 | WAIVER OF INDICTMENT by JEFFREY DUBOIS. (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 2 | INFORMATION as to JEFFREY DUBOIS (1) count(s) 1. (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 3 | SYNOPSIS as to JEFFREY DUBOIS. (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 4 | PROSECUTION VERSION as to JEFFREY DUBOIS. (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 6 | MOTION for Relief from Local Rule 111 by USA as to JEFFREY DUBOIS. (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 7 | PLEA AGREEMENT as to JEFFREY DUBOIS. (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 8 | MOTION to Seal, MOTION for Downward Departure by USA as to JEFFREY DUBOIS. (jlg) Modified on 1/13/2010 to unseal document(jgw). (Entered: 06/26/2009) |
| 06/25/2009 | 9 | Minute Entry for proceedings held before JUDGE JOHN A. WOODCOCK, JR: Presentence Conference held as to JEFFREY DUBOIS. (Court Reporter Julie Edgecomb) (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 10 | Minute Entry for proceedings held before JUDGE JOHN A. WOODCOCK, JR: Initial Appearance, Waiver of Indictment signed, Arraignment, Guilty Plea entered as to JEFFREY DUBOIS (1) Count 1; Plea accepted. Sentencing held on 6/25/2009 as to JEFFREY DUBOIS. Defendant sentenced to 3 months imprisonment; 3 years supervised release; $500.00 fine; $100.00 special assessment. Defendant to self report by 2:00 pm on 7/24/2009. Unsecured Bond Made by JEFFREY DUBOIS in amount of $10,000. Order Setting Conditions of Release and Judgment to issue. (Court Reporter Julie Edgecomb) (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 11 | ORAL ORDER granting 6 Motion for Relief from Local Rule 111 as to JEFFREY DUBOIS (1) By JUDGE JOHN A. WOODCOCK, JR. (jlg) (Entered: 06/26/2009) |
| 06/25/2009 | 12 | ORAL ORDER granting 8 Motion to Seal as to JEFFREY DUBOIS (1); granting 8 Sealed Motion for Downward Departure as to JEFFREY DUBOIS |

| | | |
|---|---|---|
| | | (1) By JUDGE JOHN A. WOODCOCK, JR. (jlg) Modified on 1/13/2010 to unseal order (jgw). (Entered: 06/26/2009) |
| 06/25/2009 | 13 | COURT EXHIBIT LIST from Sentencing held on 6/25/2009 as to defendant (s) JEFFREY DUBOIS. (jlg) (Entered: 06/26/2009) |
| 06/29/2009 | 14 | ORDER Setting Conditions of Release as to JEFFREY DUBOIS. By JUDGE JOHN A. WOODCOCK, JR. (jlg) (Entered: 06/29/2009) |
| 06/29/2009 | 15 | Appearance Bond (Unsecured) as to JEFFREY DUBOIS. (jlg) (Entered: 06/29/2009) |
| 06/29/2009 | 16 | JUDGMENT as to JEFFREY DUBOIS (1), Count(s) 1, Defendant sentenced to 3 months imprisonment; 3 years supervised release; $500.00 fine; $100.00 special assessment. Defendant to self report by 2:00 pm on 7/24/2009. By JUDGE JOHN A. WOODCOCK, JR. (jlg) (Entered: 06/29/2009) |
| 07/30/2009 | 17 | EXHIBITS as to JEFFREY DUBOIS Returned to Defense Counsel re: Sentencing. (jlg) (Entered: 07/30/2009) |
| 08/18/2009 | 18 | SATISFACTION OF JUDGMENT filed by USA as to JEFFREY DUBOIS (ROTH, EVAN) (Entered: 08/18/2009) |
| 12/30/2009 | 19 | ORDER re: sealed documents as to JEFFREY DUBOIS By JUDGE JOHN A. WOODCOCK, JR. (jgw) (Entered: 12/30/2009) |
| 02/05/2010 | 20 | Supervised Release Jurisdiction Transferred to District of New Hampshire as to JEFFREY DUBOIS Transmitted Transfer of Jurisdiction form, with certified copies of information, judgment and docket sheet. (err) Modified on 2/8/2010 to indicate charging document was an information, not an indictment (err). (Entered: 02/08/2010) |